UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:

Anthony Michael Capone,

       Debtor

IN PROCEEDINGS UNDER CHAPTER 7

Case No. 08-13320-JNF

**WASHINGTON MUTUAL BANK, FA**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES, **Washington Mutual Bank, FA** its successors and/or assigns ("Secured Creditor") a secured creditor of the debtor, **Anthony Capone** ("Debtor"), and hereby requests this Honorable Court grant Relief from Automatic Stay. The Secured Creditor holds a mortgage, on the property located at **500 Willard Street, Unit 402, Quincy, Massachusetts** (the "Property"). The Secured Creditor hereby requests relief from the automatic stay pursuant to 11 U.S.C. Section 362 (a) & (d) and Bankruptcy Rules 4001 (a) and Local Rule 4001-1. In support of this Motion the Secured Creditor states as follows:

1. On **May 06, 2008** the Debtor filed a Chapter 7 Bankruptcy Petition, case number **08-13320-JNF**

2. On **June 13, 2007** the Debtor and the co-borrower Gayle D. Carson ("Co-borrower") granted a mortgage to the Secured Creditor against the Property, which mortgage is recorded in the **Norfolk Registry of Deeds in Book 24908, Page 87.** (the "Mortgage") (Exhibit 1).

3. The Mortgage secures a promissory note in the original principal sum of **$256,000.00** dated **June 13, 2007** (the "Note") (Exhibit 2).

4. No other collateral secures the Note and Mortgage.

5. The Debtor's current monthly payment is **$1,243.86,** due on the 1st day of each month and if not received by the 15th of the month, a late charge of **$29.95** is

incurred.

6. The Debtor is **Two (2)** payments in arrears from **May 2008 to June 2008** the Debtor's arrearage is **$2,487.72**, which sum excludes, late charges, costs and fees.

7. It is as a matter of record and upon information and belief there are no other encumbrances against the Property.

8. As of **July 1, 2008** the total owed the Secured Creditor is as follows:

    | | |
    |---|---|
    | Principal | $ 261,631.29 |
    | Interest | $ 4,769.54 |
    | Recording Fee/Payoff Fee | $ 106.00 |
    | Late Charges | $ 59.90 |
    | Bankruptcy Fees and Costs | $ 800.00 |
    | TOTAL BALANCE OWED: | $ 267,366.73 |

9. It is upon information and belief that there are no outstanding real estate taxes &/or municipal charges owed against the Property.

10. As of July 1, 2008, the total owed against the Property is **$267,366.73**.

11. According to the Debtor's schedules, the fair market value of the Property is **$210,000.00** using this value for purposes of this Motion only, the Secured Creditor asserts that the liquidation value of the Property at **$196,635.44**, calculated at the Debtor's estimated fair market value less a reasonable realtor's fee of 6% **($12,600.00)**; deed stamps **($214.56)** and costs incurred in a real estate closing **($550.00)**.

**12.** Section 362(d)(1) of the United States Bankruptcy Code provides that the Court may grant relief for cause. The term "cause" is not defined in the statute, but includes, among other things, the failure to make payments. The Secured Creditor is owed payments from **May 2008** and continuing to present.

13. Based upon the above, the Secured Creditor, lacks adequate protection pursuant to 11 U.S.C. Section 362(d) (1) of the Bankruptcy Code as to the Property.

14. Based upon the above, there is insufficient equity pursuant to 11 U.S.C. Section 326(d)(2)(A) of the Bankruptcy Code as to the Property.

15. The Property is not necessary for an effective reorganization pursuant to 11 U.S.C. Section 326(d)(2)(B) of the Bankruptcy Code.

16. The Property is a burden to the Debtor's estate after taking into consideration the maintenance, costs of insurance, utilities, real estate taxes and the Secured Creditor's security is diminishing due to the Debtor's failure to make payments.

WHEREFORE, the Secured Creditor hereby prays that this Honorable Court grant as follows:

1. Enter an Order granting the Secured Creditor, its successors and/or assigns, Relief from Automatic Stay and leave exercise its rights under the Mortgage against the property of the Debtor by means of foreclosures, deed in lieu, loan modification, summary process and/or eviction proceedings or any other means, all in accordance with applicable state and federal law;

2. Enter an Order requiring the Debtor to make adequate protection payments; and

3. Enter an order waiving the Ten (10) day stay of relief pursuant to Federal Rule 4001(a)(3); and

4. Such further and other deems relief as this Honorable Court deems just and proper.

        Respectfully Submitted
        For the Secured Creditor,
        By its Attorneys

        /s/ Amy Lipman-White
        Amy Lipman-White (BBO#559230)
        Stanton & Davis
        1000 Plain Street
        Marshfield, MA  02050
        (781) 834-9181
        alipmanwhite@stantondavis.com

Dated: July 3, 2008

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

IN RE:                                      IN PROCEEDINGS UNDER CHAPTER 7
Anthony Michael Capone,
                                            Case No. 08-13320-JNF
        Debtor
_____

## CERTIFICATE OF SERVICE

I, Amy Lipman-White, Esq., hereby certify that I served the foregoing Motion for Relief from Automatic Stay, Exhibits, Proposed Order and Certificate of Service on July 3, 2008 by causing copies of the same to be sent accordingly via electronic mail or regular mail, first class postage prepaid, to the following:

Anthony Michael Capone
500 Willard Street, Unit 402
Quincy, MA 02169
Debtor
Via USPS

Mark G. DeGiacomo
Murtha Cullina, LLP
99 High Street
Boston, MA 02110
Chapter 7 Trustee
Via electronic mail

John Fitzgerald
Office of the U.S. Trustee
10 Causeway Street
Boston, MA 02222
Via electronic mail

Gayle D. Carson
500 Willard Street, Unit 402
Quincy, MA 02169
Co-borrower
Via USPS

Kathleen L. Kane, Esq.
Spillane Law Offices
1212 Hancock Street, Suite 200
Quincy, MA 02169
Debtor's Counsel
Via electronic mail

Tax Collector
City of Quincy
1305 Hancock St.
Quincy, MA 02169
Via USPS

Granite Estates
62 South Street
Quincy, MA 02169
Condominium Association
Via USPS

/s/ Amy Lipman-White
Amy Lipman-White, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

IN RE:                                          IN PROCEEDINGS UNDER CHAPTER 7
Anthony Michael Capone,
                                                Case No. 08-13320-JNF
        Debtor
_____

### **ORDER**

It is hereby ordered that the secured creditor, **Washington Mutual Bank, FA** its successors and/or assigns ("Secured Creditor"), Motion for Relief From Automatic Stay is hereby granted and that the Secured Creditor named herein may proceed pursuant to its mortgage against the property located at **500 Willard Street, Unit 402, Quincy, MA**, as recorded in the **Norfolk Registry of Deeds in Book 24908, Page 87**, by means of foreclosure, deed in lieu, loan modification, summary process and/or eviction proceedings or any other means thereafter necessary to obtain complete possession thereof, all pursuant to applicable state and federal law.

Dated:                                          _____  9/18/2008
                                                Judge, Bankruptcy Court